**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Allan Savage; Pamela Savage, | No. CV 08-1780-PHX-JAT |
| Plaintiffs, | **ORDER** |
| vs. | |
| NIC, Inc., | |
| Defendant. | |

Pending before the Court is Defendant NIC, Inc.'s Motion for Summary Judgment. (Doc. #22.) For the following reasons, the Court denies Defendant's Motion in part and grants it in part, as well as granting summary judgment in part to Plaintiffs Pamela ("Mrs. Savage") and Allan Savage.

**I.  BACKGROUND**

On August 20, 2008, Defendant received a collection account from Charles Chiropractic for a debt owed by Plaintiffs. That same day, at 2:07 p.m., Defendant placed a call to Plaintiffs and left a message ("August 20 message") that stated, "This is Jeff Nemo, would you please give me a call?" That same day at 4:59 p.m., Defendant printed a letter that disclosed his name, his status as a debt collector, the name of the company, and the nature of the communication. On August 25, 2008, Defendant placed another call and left a message ("August 25 message") identical to the August 20 message. On September 18, 2008,

1  Defendant placed a call to Mrs. Savage ("September 18 phone call") at her place of
2  employment in order to collect the debt.
3  On September 29, 2008, Plaintiffs filed a Complaint (Doc. #1) alleging that
4  Defendant violated the Fair Debt Collection Practices Act ("FDCPA") by using abusive and
5  profane language during the September 18 phone call (claims (a) and (c) of the Complaint)
6  and by failing to disclose requisite information in the August 20 and August 25 messages
7  (claims (e) and (f) of the Complaint).
8  On May 7, 2009, Defendant filed this Motion. (Doc. #22.)

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment is mandated, " . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact. *Id*. at 323. The burden then shifts to the non-movant to establish the existence of material fact. *Id*. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com[ing] forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Rule 56(e)). A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id*. at 247-48. However, in the

summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

**III. ANALYSIS**

    **A. Section 1692d Claims (Claims (a) and (c) of the Complaint)**

        *1. Section 1692d(2) (Claim (a) of the Complaint)*

Under § 1692d(2), a debt collector is not allowed to use obscene or profane language or language that the natural consequence of which is to abuse Plaintiffs.

Plaintiffs allege that during the September 18 phone call, Defendant screamed at Mrs. Savage, indicated that he knew where she lived and worked, and spoke profanely to her. (Plaintiffs' Statement of Facts in Support of Their Response in Opposition to Defendant's Motion for Summary Judgment at ¶ 6, hereinafter "Pl.'s Statement".) While Plaintiffs' claim that Defendant spoke profanely does not provide sufficient evidence to prove the use of obscene or profane language, there remains a genuine issue of material fact as to whether Defendant used language that the natural consequence of which is to abuse.

Without deciding this issue on the merits, the Court finds that Defendant's conduct is not excluded, as a matter of law, from the characterization of language that the natural consequence of which is to abuse. *See U.S. v. Central Adjustment Bureau, Inc.*, 667 F. Supp. 370, 396 (N.D. Tex. 1986), aff'd as modified on other grounds, 823 F.2d 880 (5th Cir. 1987) (finding that shouting is considered abusive behavior); *Rutyna v. Collection Accounts Terminal, Inc.*, 478 F. Supp. 980 (D. Ill. 1979) (finding that, where the tone of a communication was one of intimidation, the natural consequence was abuse). As the Court of Appeals for the Eleventh Circuit in *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1179 (11th Cir. 1985) observed, "Ordinarily, whether conduct harasses, oppresses, or abuses will be a question for the jury." Defendant's argument that the statute does not apply to tone of voice fails because Defendant does not cite to any case law or legislative history to support the argument, the Court cannot find any case law to support it, and the Court finds that such an interpretation is contrary to one of the purposes of the statute "[t]hat every individual,

1  whether or not he owes the debt, has a right to be treated in a reasonable or civil manner." 123 Cong. Rec. 10241 (1977).

Because the Court finds that a reasonable jury could resolve this question in favor of Plaintiffs, a genuine issue of material fact remains that precludes summary judgment. The Court therefore denies Defendant's Motion as to the § 1692d(2) claim (claim (a) of the Complaint).

*2. Section 1692d(6) (Claim (c) of the Complaint)*

Under § 1692d(6), a debt collector is not allowed to place telephone calls without "meaningful disclosure" of the caller's identity. Plaintiffs allege that Defendant failed to identify the name of the company and the nature of the call in both the August 20 and the August 25 messages. (Pl.'s Statement at ¶¶ 2, 5.) Defendant argues that the phone messages occurred after Plaintiff had received written communication identifying Jeff Nemo as a debt collector and that identifying himself as "Jeff Nemo" in subsequent communications thus constituted meaningful disclosure.

The Court finds that Defendant fails to show that it is entitled to judgment as a matter of law. As a preliminary matter, the Court finds that leaving a phone message constitutes the placement of a telephone call under § 1692d(6). *See Hozzeinzadeh v. M.R.S. Assocs., Inc.*, 387 F. Supp. 2d 1104, 1111 (E.D. Cal. 2005) (finding a § 1692d(6) violation where a phone message lacked meaningful disclosure). Further, the Court agrees with the relatively few courts that have decided, in similar contexts, that meaningful disclosure requires more than merely disclosing an alias. *See Baker v. Allstate Financial Services, Inc.*, 554 F. Supp. 2d 945, 949-50 (D. Minn. 2008) (finding that defendant failed to meaningfully disclose its identity where it failed to disclose the nature of the debt collector's business); *Costa v. Nat'l Action Fin. Srvcs.*, 2007 WL 4526510, at *4 (E.D. Cal. 2007) (granting summary judgment to plaintiff under § 1692d(6) where defendant failed to disclose its status as a debt collector and the nature of the call); *Hozzeinzadeh,* 387 F. Supp. at 1112 (finding that defendant failed to meaningfully disclose its identity where it failed to disclose its status as a debt collector

and the nature of the call); *Wright v. Credit Bureau of Ga., Inc.*, 548 F. Supp. 591, 597 (N.D. Ga. 1982) (finding that a debt collector may use an alias as long as he also discloses the name of his employer and the nature of his business).

It is undisputed that Defendant disclosed only his alias, "Jeff Nemo," in the two phone messages (Pl.'s Statement at ¶¶ 2,5; Dep. of Nemerovsky at 16:20-25, 19:1-4.) The Court is not convinced by Defendant's argument that telephone calls placed after the initial written communication only required the disclosure of his alias. Furthermore, even if the Court were convinced, the August 20 message was left prior to the transmission of the initial written communication (the message was left on August 20, 2008, at 2:07 p.m.; the initial written communication was printed on August 20, 2008, at 4:59 p.m.). (Def.'s Dep. at 54.)

The Court finds that, regarding whether Defendant meaningfully disclosed his identity in the two phone messages, no reasonable jury could find in favor of Defendant. The Court therefore awards Plaintiffs with summary judgment for the § 1692d(6) claim (claim (c) of the Complaint).[1] The Court will still proceed to trial on damages.

**B.     Section 1692e Claims (Claims (d), (e), and (f) of the Complaint)**

   *1.     Sections 1692e(4) and 1692e(5) (Claims (d) and (e) of the Complaint)*

Plaintiffs allege that Defendant indicated to Mrs. Savage, in the September 18 phone call, that he could garnish her pay, that he would see Plaintiffs in court, and that he would continue on with that process if they did not call before 8:30 the following morning. (Dep. of Mrs. Savage at 13:19-23.) Defendant argues that both garnishment of wages and suing

---

[1] The Court has "the power sua sponte to grant summary judgment to a non-movant when there has been a motion but no cross-motion." *Kassbaum v. Steppenwolf Prod., Inc.*, 236 F.3d 487, 494 (9th Cir. 2000). But before doing so, the Court must determine that "the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." *Ramsey v. Coughlin*, 94 F.3d 71, 73 -74 (2d Cir. 1996). Defendant has had a full and fair opportunity to brief the issue of the adequacy of identification.

Plaintiffs are lawful actions and that he intended to take both actions. (Def.'s Mot. at 2:14-22.)

Under § 1692e(4), a debt collector is not allowed to represent or imply to a plaintiff that nonpayment will result in garnishment of wages unless such action is lawful and the debt collector intends to take such action.

Regarding whether garnishment of wages is lawful, the issue depends on the Court's interpretation of the statute. If the Court interprets the statute to mean that the action must be lawful in the moment that the debt collector represents or implies that he will take such action, then the garnishment of wages would be unlawful in this case because Defendant had not yet procured a judgment–a prerequisite to the such action. *See* A.R.S. § 12-1598.04. On the other hand, if the Court interprets the statute to mean that the action must be a lawful method of collecting a debt in general, then the garnishment of wages would be a lawful action in this case.

Given the protectionist nature of the FDCPA, the Court interprets the statute to mean that garnishment of wages must be a legal recourse at the moment that the representation is made.[2] Under Arizona law, wages cannot be garnished until after a party in an action has been awarded a money judgment and has submitted an application for a writ of garnishment. *See* A.R.S. § 12-1598.04. Defendant acknowledged this fact in his deposition. (Dep. of Nemerovsky at 24:16 - 25:6.) Because Defendant had not procured a judgment at the time of the alleged representation, the garnishment of wages was an illegal action. Even though the Court finds that, in this case, garnishment of wages would be an illegal action as a matter of law, the Court declines to award Plaintiffs with summary judgment because, after careful

---

[2] The Court, however, limits this interpretation to cases where creditors lead debtors to believe that garnishment of wages *will* result and where such action is not immediately legal. The Court takes no position on whether it would be lawful for a creditor to inform a debtor that wages may be garnished in the event that the creditor seeks and obtains a judgment.

review of the depositions, the Court finds that a genuine issue of material fact remains as to whether Defendant made any such representation. Defendant states in his deposition that he does not recall referencing wage garnishment in the September 18 phone call. (Dep. of Nemerovsky at 24:14-16.)

Regarding Defendant's intention, Defendant supports his argument that he intended to garnish Mrs. Savage's wages by showing that Plaintiffs subjectively believed that Defendant intended to take such action. (Def.'s Mot. 2:14-17.) Plaintiffs controvert this argument by citing Defendant's admission that Defendant had not yet formed an intention, at the time of the September 18 phone call, as to what action he would take to collect the debt. (Dep. of Nemerovsky at 27:12-19.) The Court is not convinced by Defendant's argument that Plaintiffs' subjective belief in Defendant's intention is evidence of such intention. On the contrary, the Court finds that Plaintiffs' subjective belief merely bolsters the argument that Plaintiffs were, in fact, misled. Because the Court finds that a reasonable jury could return a verdict in favor of Plaintiffs, a genuine issue of material fact remains that precludes summary judgment.

The Court therefore denies Defendant's Motion as to the § 1692e(4) claim (claim (d) of the Complaint).

Under § 1692e(5), a debt collector is not allowed to threaten to take any action that cannot legally be taken or that is not intended to be taken.

The Court finds that Plaintiffs' § 1692e(5) claim survives summary judgment for the same reason that the § 1692e(4) claim does: a genuine issue of material fact remains as to whether Defendant intended to sue Plaintiffs. Because the elements for this claim are disjunctive, the Court does not need to decide whether suing Plaintiff would be a lawful action. Furthermore, the Court notes that a genuine issue of material fact exists as to whether Defendant threatened to take legal action; Defendant states in his deposition that he does not recall telling Plaintiffs that he would seek judgment. (Dep. of Nemerovsky at 25:17-19.)

The Court therefore denies Defendant's Motion as to the § 1692e(5) claim (claim (e) of the Complaint).

### 3. *Section 1692e(11) Claim (Claim (f) of the Complaint)*

Under § 1692e(11), a debt collector must disclose in the initial written communication, and in the initial oral communication if the initial communication is oral, that he is attempting to collect a debt and that any information obtained will be used for that purpose. Further, a debt collector must disclose, in all subsequent communications, that the communication is from a debt collector (excepting formal pleadings in connection with a legal action, which does not apply in this case).

Plaintiffs allege that Defendant failed to disclose the requisite information in the August 20 message (which, the Plaintiff alleges, constitutes the initial communication), and in the August 25 message.

Regarding the initial communication, Defendant argues that the letter printed on August 20, 2008, at 4:59 p.m. constituted the initial written communication and contained the requisite disclosures. While the Court agrees that this letter was the initial *written* communication, the Court finds that the August 20 message constitutes the initial communication. Under § 1692a(2), the term "communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium. The August 20 message clearly fits that description and clearly predates the letter. In the phone message, Defendant merely identifies himself as "Jeff Nemo." (Pl.'s Statement at ¶ 2; Dep. of Nemerovsky at 15:20-25.) Because Defendant failed to disclose that he was attempting to collect a debt and that any further information obtained would be used for that purpose, the Court finds that Defendant failed to make the requisite disclosures under § 1692e(11) in the initial communication.

As the Court finds that the August 20 message was the initial communication, the August 25 message constitutes a subsequent communication and required that the Defendant

disclose that the communication is from a debt collector. *See* § 1692e(11). Defendant argues that identifying himself as "Jeff Nemo" satisfied the disclosure requirement because he had disclosed that he was a debt collector in prior communications. (Def.'s Mot. at 2:9-13; Def.'s Reply at 3:19-20.) The Court disagrees.

The Court finds that the FDCPA requires that a debt collector identify himself as a debt collector in *all* subsequent communications. *See* § 1692e(11); *Schwarm v. Craighead*, 552 F. Supp. 2d 1056, 1081-82 (E.D. Cal. 2008) (finding that the defendant creditor was required to include the disclosure that the communication was from a debt collector in all eleven subsequent communications between the defendant creditor and the plaintiff debtor). Given the protectionist nature of the statute, the Court finds that presuming that Plaintiffs were aware that Defendant was a debt collector would be contrary to the objectives of the statute to protect debtors, even the least sophisticated, from abusive or deceptive collection practices. *See* § 1692(e). Moreover, the fact that Defendant left an identical message as its initial communication on August 20, 2008–when Plaintiffs could not have been aware that Defendant was a debt collector–suggests that Plaintiffs' awareness was immaterial to Defendant's failure to identify himself as a debt collector.

Because the facts are undisputed regarding the content of the August 20 phone message (the initial communication under § 1692e(11)) and the August 25 phone message, and because the Court finds that Defendant failed to identify himself as a debt collector in both, the Court awards Plaintiffs with summary judgment for the § 1692e(11) claim (claim (f) of the Complaint).[3]

## III. CONCLUSION

Consistent with the reasoning set out above, the Court denies Defendant's Motion for Summary Judgment as to claims (a), (d), and (e). The Court awards Plaintiffs with summary

---

[3] The Court will still proceed to trial on damages.

- 9 -

judgment for claims (c) and (f); however, the Court will proceed to trial on damages for these claims. Further, because in their Response in Opposition to Defendant's Motion for Summary Judgment the Plaintiffs voluntarily "withdrew" their allegations that Defendant violated sections 1692d(5) and 1692g(a)(1-5) (Doc. #24 p. 9) – Plaintiffs' claims (b) and (g) – the Court will dismiss those claims with prejudice.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Doc. #22) is **DENIED** in part, consistent with this Order.

**IT IS FURTHER ORDERED** that summary judgment is awarded in part to Plaintiffs, consistent with this Order.

**IT IS FURTHER ORDERED** dismissing with prejudice the claims found in subsections (b) and (g) of Count I of Plaintiffs' Complaint.

DATED this 28th day of July, 2009.

*/s/ James A. Teilborg*
James A. Teilborg
United States District Judge