William W. Holder   #009478
Skarecky & Holder, P.A.
3130 North Third Avenue, #300
Phoenix, Arizona 85013
(602) 248-0393
Attorneys for Defendant NIC, Inc., dba
  Nemo's Investigation and Collections

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Savage and Allan Savage, ) | |
| ) | No. 2:08-cv-01780-JAT |
| Plaintiff, ) | |
| v. ) | DEFENDANT'S MOTION TO |
| ) | SET ASIDE ORDER DATED |
| NIC, Inc., dba Nemo's Investigations and ) | JANUARY 8, 2010 |
| Collections, ) | |
| Defendant. ) | |
| ) | |

Defendant NIC, Inc., dba Nemo's Investigations & Collections, pursuant to Rule 60(b)(1), F.R.C.P., moves this Court for an order setting aside the order entered by this Court on January 8, 2010.

/s/ WILLIAM W. HOLDER          #009478
Dated: January 13, 2010
Attorneys for Defendant

**Memorandum of Points and Authorities**

Rule 60(b)(1), F.R.C.P., provides that a court may relieve a party from a final order for several reasons, including "mistake, inadvertence, surprise, or excusable neglect." Any or all of those four reasons apply to the order entered January 8, 2010. The reasons follow.

Following this Court's July 28, 2009, ruling on defendant's motion for summary judgment, defendant made an offer of judgment on August 11, 2009, pursuant to Rule 68, F.R.C.P., which plaintiff accepted on September 8 by a "Notice of Acceptance." The offer

read as follows:

> Pursuant to Rule 68, F.R.C.P., defendant offers to allow judgment be entered in the amount of $2,000.00, plus costs accrued, and for an additional award of attorney fees to plaintiffs, the amount thereof to be determined based upon plaintiffs' application for attorney fees, response and reply.

On September 10, two days following the Notice of Acceptance, this Court entered the following order:

> It is ordered that the Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant in the amount stated in the offer of judgment <u>and to close this case</u> on September 21, 2009, unless by September 18, 2009, either party files an objection to the entry of judgment. (Emphasis added)

Neither party filed an objection to entry of judgment.

On September 17, plaintiff filed a motion for attorney fees. On September 22, 2009, judgment was entered herein as follows:

> Pursuant to the Court's Order filed September 10, 2009, and upon the Court's instruction therein, judgment is entered for the plaintiff and against defendant NIC, Inc., dba Nemo's Investigations and Collections, Inc., in the amount of $2,000.00, plus costs accrued.

Significantly, the judgment did not include an award of fees even though plaintiffs applied for one. Moreover undersigned counsel read the September 10 order literally, and believed the case was "closed" as of September 21, so that no further pleadings, motions, applications, or objections should be filed.

When defendant's undersigned counsel read the September 22 order he believed - apparently wrongly in hindsight - that the judge had considered the September 17 fee application, had therefore considered it to be lacking merit, and therefore directed the clerk to enter judgment for $2,000.00, "plus costs accrued." The insertion of the phrase "plus costs accrued" meant, to undersigned counsel, that the Court had chosen not to award

- 2 -

attorney fees to the plaintiffs.

Because of that belief, undersigned counsel sent the attached September 30 letter to plaintiff's counsel, tendering a check for $2,000.00, plus the costs that plaintiffs had requested in their September 17 motion. Undersigned counsel believed the matter to be concluded, which is why in the September 30 letter he requested that a Satisfaction of Judgment be filed.

On November 6, 2009, when plaintiffs filed their "Supplement to Plaintiffs' Application for Attorney Fees...." undersigned counsel did not respond thereto because he believed that the application for fees had been fully briefed - at least to the Court's satisfaction - which is why the Court had directed the clerk to enter a judgment which did not include attorney fees on September 22.

Substantively, it is the defendant's position that the Court should deny, or at least drastically reduce, plaintiffs' application for attorney fees for the reason that of the plaintiffs' seven claims, the plaintiffs withdrew two of the claims voluntarily (B&G), the Court granted plaintiffs' motion for summary judgment with regard to only two (C&F), and the Court denied defendant's motion for summary judgment on three counts (A, D & E), leaving those three to be determined at trial. In other words, by the time the offer of judgment was accepted, plaintiffs had prevailed on only two of their claims and two of them had been voluntarily dismissed.

In order to avoid the expense of trial where defendant's maximum liability was $2,000.00, defendant made the above-referenced offer of judgment, having made the decision that it was simply not worth the cost of trial to fight further.

With all due regard for the fact that the plaintiffs did prevail in this matter on two of

their claims, the plaintiffs offer no reason why prosecution of this action required the participation of a total of four lawyers, nor do they offer anything more than a survey done by "consumer attorneys" to support their claim of reasonableness of their attorney fees claim. Undersigned counsel managed to handle the defense of this case - with at least in part, some success - at an hourly rate of $160.00, and total amount of hours of 23.6, for a total fee of $3,776.00.[1]

The bulk of plaintiffs' pleadings were form-type pleadings similar to those at the same firm files in many other FDCPA cases in this Court. The plaintiffs did not prevail on five of their seven claims and this Court should deny plaintiffs' application for attorney fees.

                                       /s/ WILLIAM W. HOLDER    #009478
                                       Dated: January 13, 2010
                                       Attorneys for Defendant

COPY of the foregoing
mailed and e-mailed
January 13, 2010, to:

Ryan Lee, Esq.
Krohn & Moss, Ltd.
10635 Santa Monica Blvd., #170
Los Angeles, CA 90025
Attorneys for Plaintiffs

/s/ William W. Holder

---

[1] To the extent that defendant's payment of its own attorney may be considered to have a deterrent effect as to any future FDCPA violations, defendant's payment of its own attorney fees should be a factor to be considered here.

LAW OFFICES

## SKARECKY & HOLDER, P.A.

A PROFESSIONAL ASSOCIATION
SUITE 300
3130 NORTH THIRD AVENUE
PHOENIX, ARIZONA 85013-4322

DENNIS J. SKARECKY
WILLIAM W. HOLDER

AREA CODE 602
248-0393
FAX 602-266-4991

September 30, 2009

Ryan Lee, Esq.
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., #401
Los Angeles, CA 90025

Re: Nemo adv. Savage; No. 2:08-cv-01780-JAT

Dear Mr. Lee:

Enclosed please find check no. 19090 in the amount of $2,675.20, tendered in full satisfaction of the judgment. Upon negotiation of the check, please promptly file a Satisfaction of Judgment and send me a copy thereof.

Very truly yours,

WILLIAM W. HOLDER

WWH/sl

enclosure

cc: Jeff Nemerovsky (w/enclosure)

---

**LAW OFFICES OF SKARECKY & HOLDER P.A.**
TRUST ACCOUNT
PH# (602) 248-0393
3130 N. THIRD AVENUE STE. 300
PHOENIX, AZ  85013-4302

07-89

19090

DATE Sept. 30, 2009       91-532/1221
                                  6

PAY TO THE ORDER OF  Krohn & Moss, Ltd.          $ 2,675.20

two-thousand six-hundred seventy-five and 20/100------------DOLLARS


National Bank
OF ARIZONA
1-800-497-8168
www.nbarizona.com

FOR Satisfaction of Judgment 2:08-cv-01780

⑉019090⑉ ⑈122105320⑈ 400401159 7⑈