Ryan Lee, Esq. (SBN 024846)
Krohn & Moss, Ltd.
5055 Wilshire Blvd, Suite 300
Los Angeles, CA  90036
T: (323) 988-2400; F: (866) 802-0021
rlee@consumerlawcenter.com
Attorneys for Plaintiffs
Pamela Savage and Allan Savage

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| PAMELA SAVAGE and ALLAN SAVAGE, <br><br>Plaintiffs, <br><br>vs. <br><br>NIC, INC., d/b/a NEMOS INVESTIGATIONS AND COLLECTIONS, <br>Defendant. | Case No.: 2:08-cv-01780-JAT <br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE ORDER** |

NOW COME Plaintiffs, PAMELA SAVAGE ("Mrs. Savage") and ALLAN SAVAGE ("Mr. Savage") (collectively, "Plaintiffs"), by their attorneys, KROHN & MOSS, LTD., and in response to Defendant's, NIC, INC. d/b/a NEMOS INVESTIGATIONS AND COLLECTIONS ("Defendant"), Motion To Set Aside Order, state as follows:

**I.   INTRODUCTION**

On September 29, 2008, Plaintiffs filed their Complaint against Defendant for violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* ("FDCPA"). Plaintiffs alleged Defendant's conduct violated sections 1692d(2), 1692d(5), 1692d(6), 1692e(4), 1692e(5), 1692e(11) and 1692g(a)(1-5) of the FDCPA based upon constant and often profane telephone calls to their home and places of employment including threats to take legal action and garnish the wages of Plaintiff, Pamela Savage.

On May 7, 2009, Defendant filed its Motion for Summary Judgment. On July 28, 2009, this Court denied Defendant's motion as to the claims alleged in subparagraphs 16(a), 16(d) and

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE ORDER**

16(e) of the Complaint and granted summary judgment *sua sponte* in favor of Plaintiff as to the claims alleged in subparagraphs 16(c) and 16(f). In granting summary judgment to Plaintiff, the Court ordered the case proceed to trial to determine the amount of damages to be awarded for these claims.

On August 11, 2009, Defendant served Plaintiff with an Offer of Judgment which Plaintiff accepted on September 8, 2009 for "$2,000.00, plus costs accrued, and for an additional award of attorney fees to plaintiffs, the amount thereof to be determined based upon plaintiffs application for attorneys fees, response and reply."

On September 10, 2009 the Court entered an order directing the Clerk of the Court to enter judgment in favor of the plaintiffs. On September 17, 2009, Plaintiffs filed their nineteen-page Application for Attorneys Fees and Costs Pursuant to the Entry of Judgment. In addition to being replete with supporting federal case law and statues, the Application included the 2007 Consumer Law Attorney Fee Survey, the *National Law Journal* 2007 Billing Survey for Associates and Partners, the "Laffey" Matrix prepared by the Civil Division of the United States Attorney's Office and declarations from two consumer law attorneys. In addition, biographies and declarations were submitted by all of the attorneys at counsel for Plaintiffs that were involved in the prosecution of this case as were all of the relevant timesheets.

On September 22, 2009, Plaintiffs filed a Supplement to the Application for Attorneys' Fees and Costs. On January 8, 2010, the Court entered an Order awarding Plaintiffs attorneys' fees and costs. On January 13, 2010, Defendant filed a Motion to Set Aside this Order.

Defendant seeks to vacate the January 8, 2010 based upon Fed.R.Civ.P. 60(b)(1), because of the "mistake, inadvertence, surprise or excusable neglect" of counsel for Defendant regarding the import and meaning of the Order entered by this Court on September 10, 2009 and the Judgment entered September 22, 2009. Defendant has not filed any affidavits in support of its motion. However, even assuming the accuracy of the factual basis set forth in Defendant's

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE ORDER**

motion, Rule 60(b)(1) does not provide the relief sought by the Defendant for the reasons set forth herein. In addition, as set forth above, Plaintiffs provided ample basis for the Court's award of attorneys' fees and costs, regardless of Defendant's failure to respond.

## II.  STANDARD OF REVIEW

Under Fed.R.Civ.P. 60(b), a Court may grant relief from a judgment or order for several reasons, including (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; or (3) fraud, misrepresentation or other misconduct of an adverse party. However, relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances. *Yapp v. Excel Corp.,* 186 F.3d 1222 (10th Cir.1999); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.,* 909 F.2d 1437, 1440 (10th Cir.1990). Carelessness by a litigant does not afford a basis for relief under Rule 60(b)(1). *Pelican Prod. Corp. v. Marino,* 893 F.2d 1143, 1146 (10th Cir.1990).

## III. DEFENDANT FAILS TO ESTABLISH THE JANUARY 8, 2010 ORDER SHOULD BE SET ASIDE

Defendant's entire basis for requesting the Court set aside the Order awarding Plaintiff attorney's fees and costs is the assertion that counsel for Defendant erroneously believed that "the case was closed" based on the language contained in the Court's Order dated September 10, 2009. Based upon this alleged misunderstanding, counsel for Defendant failed to respond to the Plaintiff's motion for attorney's fees filed on September 17, 2009 or the Supplement to Plaintiffs' Application for Attorney Fees filed on November 6, 2009.

Defendant does not cite a single case in its motion which holds that attorney misinterpretation of the law can constitute "mistake" under Rule 60( b)( 1). That is probably because federal case law is replete with holdings that provide that "claims of attorney error and legal malpractice foreclose an award of relief under Rule 60(b)(1)." *McCurry ex rel. Turner v. Adventist Health System/Sunbelt, Inc*. 298 F.3d 586, 593 (2002) 53 Fed.R.Serv.3d 228, 2002. In *McCurry*, the Court held that "the attorney's misinterpretation of the rules in the case before us

did not constitute 'mistake' justifying the setting aside of a judgment under Rule 60(b) to permit a second bite at the appeal apple." *Also see*, *FHC Equities, L.L.C. v. MBL Life Assurance Corp.,* 188 F.3d 678, (6th Cir.1999) (neither strategic miscalculation nor counsel's misinterpretation of the law warrants relief from a judgment where the untimely filing of a notice of appeal occurred due to counsel's mistaken interpretation of the relevant Federal Rules of Civil Procedure); *Nemaizer v. Baker,* 793 F.2d 58 (2d Cir.1986)(an attorney's failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief from a judgment).

Counsel for Defendant could have avoided this scenario by contacting the Clerk of the Court and confirming whether or not the case was "closed." The failure to do so does not entitle Defendant to have the Order of this Court awarding attorney's fees and costs to Plaintiffs set aside.

**IV.   DEFENDANT'S ARGUMENTS AS TO THE AMOUNT OF FEES TO BE AWARDED PLAINTIFF ARE UNTIMELY AND UNSUPPORTED**

The Court should disregard any of the arguments contained in the motion regarding the reasonableness of the attorney's fees and costs awarded Plaintiff. These arguments are untimely, and completely unsupported by expert affidavits or any evidence other than the opinion of counsel for Defendant. In addition, these arguments are inappropriately contained in a Motion to Set Aside Default.

**V.   CONCLUSION**

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter an order denying Defendant's Motion To Set Aside Order as Defendant has failed to set forth an adequate factual basis to allow for relief under Fed.R.Civ.P. 60(b)(1). In addition, Plaintiffs request that this Honorable Court award additional attorney's fees to Plaintiffs in the amount of $580.00 for preparation and filing of this Response. This amount is based upon two hours of attorney time of undersigned counsel at the hourly rate set forth in the Plaintiffs' Application for Attorneys' Fees of $290.00.

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE ORDER**

RESPECTFULLY SUBMITTED,

DATED:  January 15, 2010           KROHN & MOSS, LTD.
                                   By:  /s/ Ryan Lee
                                        Ryan Lee
                                        Attorney for Plaintiffs

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served upon the counsel(s) of record for Defendant via the Court's Electronic Court Filing ECF/CM system on January 15, 2010.

                                   By:  /s/ Ryan Lee
                                        Ryan Lee

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE ORDER**