**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pamela Savage and Allan Savage, | No. 2:08-cv-01780-JAT-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| NIC, Inc., d.b.a. Nemo's Investigations and Collections, | |
| Defendant. | |

**BACKGROUND:**

Pending before the Court is Defendant's Motion to Set Aside Order Dated January 8, 2010. (Doc. #36). Plaintiffs filed a Response in Opposition (Doc. #37); Defendant submitted a reply. (Doc. #38). For the following reasons, the Court grants Defendant's motion and sets aside its Order. (Doc. #35)**.**

This Motion arises from an award of attorneys' fees in a Fair Debt Collection Practices Act case. The parties settled out of court and requested this Court to enter judgment of $2,000, plus costs accrued, and an additional award of attorneys' fees to be determined on Plaintiffs' application. (Doc. #30). On September 10, 2009, the Court directed the Clerk of the Court to enter judgment and ordered the case closed on September 21, 2009, if no objections were filed. (Doc. #31). On September 17, 2009, Plaintiffs submitted their Application for Attorneys' Fees. (Doc. #32). Five days later, on September 22, 2009, the

1 Clerk of the Court entered an Order of Judgment for $2,000 plus costs accrued. (Doc. #33).
2 Plaintiffs later filed a supplement to their Application for Attorneys' Fees. (Doc. #34).
3 Defendant did not file a response. In early January 2010, the Court entered an award for
4 $16,290.50 in attorneys' fees based on the uncontested Application. (Doc. #35).

Local Rule 54.2 governs applications for attorneys' fees. L.R. CIV. P. 54.2. Prevailing parties are required to submit applications for attorneys' fees within fourteen days of the entry of judgment. *Id.* Responses are required to be submitted fifteen days following service of the application for fees; fourteen days are then allowed for a reply. *Id.* Cases normally are "closed" by the Clerk's office pending a final award of fees or the resolution of other post-judgment motions.

Defendant's counsel contends that he misconstrued this Court's September Orders as closing the case *without* an award of attorneys' fees. Defendant in moving papers argues that he believed the Court had considered Plaintiffs' application for fees, determined it to be meritless, and closed the case. Believing the case to be closed, counsel did not file a response to the application for attorneys' fees. Defendant now argues that this omission should be treated either as a mistake or excusable neglect under Rule 60(b)(1), and that the Court's award of fees be reversed.

**LEGAL STANDARD:**

A court may relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Excusable neglect includes omissions caused by carelessness. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388 (1993); *see also, Briones v. Riviera Hotel & Casino*, 116 F.3d 379 (9th Cir.1997) (extending the *Pioneer* standard to Rule 60(b)(1)). Determining if excusable neglect deserves relief under 60(b)(1) requires examining "four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Servs.*, 231 F.3d 1220, 1223-24 (9th Cir 2000). When examining excusable neglect or a mistake,

courts must examine at least these four factors. *Lemoge v. U.S.*, 587 F.3d 1188, 1192 (9th Cir. 2009)

Neither party cites Ninth Circuit precedent in their moving papers. In addition, neither party provides an explicit analysis of these four factors. But several of the factors are addressed, albiet indirectly. The Court now examines the arguments presented in the context of the *Pioneer-Briones* factors.

**A. Danger of Prejudice**

The first factor requires an examination of the danger of prejudice to the non-moving party. Significantly, prejudice requires more than a delay to the resolution of the case. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001). Plaintiffs contend that setting aside the order will allow Defendant the opportunity to file an untimely response. On the other hand, denying the motion will deprive the Defendant of an opportunity to challenge the award of attorneys' fees on the merits. Unlike a typical delay in trial, there is no danger of spoiling of evidence, no witness to be rescheduled, nor any undue hardship that would be placed on Plaintiff by granting Defendant's motion. The only danger of prejudice comes in the form of a delay to the resolution of this case. Because mere delay in resolution alone does not constitute prejudice, this factor favors granting the motion.

**B. Length of Delay and Potential Impact on Proceedings**

The Federal Rules require that a 60(b) motion be made within a reasonable time; however, for mistake or excusable neglect this can be no later than one year after the date of the judgment or order. FED R. CIV. P. 60(c). What constitutes a reasonable time is largely based on the facts of the case and the reason for the delay. *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981). Here, there are two ways of calculating Defendant's delay in filing. The first is a four-month delay; consisting of the time between the filing of Plaintiffs' Application for Fees and Defendant's Motion to Set Aside. Defendant contends that the reason for this delay was his belief that the case had been closed. The second delay was the five days Defendant required to file his Motion to Set Aside, after the Court ordered an award of attorneys' fees. Both delays fall within the one-year requirement mentioned in the Federal

Rules. The Court also determines that, by either counting method, the length of delay was reasonable. A four-month delay is not unreasonable given that Defendant believed the case was closed. Defendant also took relatively quick action. Defendant filed his Motion to Set Aside on the third working-day after discovering that he had acted in error.

With regard to the second component under this prong of the test, there is little impact on the proceedings. The sole issue left for resolution in this case is the award of attorneys' fees. Because the length of delay was reasonable and little potential impact on the proceedings exists, this factor also favors granting the motion.

**C. Reason for Delay and Good Faith**

The third and forth prong examine the reason for the delay and whether the mistake was made in good faith. The term neglect is construed to include both blameless conduct and simple carelessness. *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). Whether the action is excusable turns on equitable considerations; even a weak excuse can be granted relief if the conduct resulted from "negligence and carelessness, not from deviousness or willfulness." *Bateman*, 231 F.3d at 1225.

Plaintiffs correctly identify that strategic miscalculation and misinterpretation of the law are not grounds for relief under 60(b)(1). *Engleson v. Burlington Northern R. Co.*, 972 F.2d 1038, 1044 (9th Cir. 1992) (holding in part that counsel's ignorance of a labor law statute is not a "mistake" within meaning of 60(b)(1)). But Plaintiffs do not identify here a strategic miscalculation or misinterpretation of the law. Defendant alleges that he misinterpreted the language of this Court's September Orders to mean that the case was closed and that no additional motions or filings would be accepted.

Examining other cases where carelessness has been excused provides guidance. In *Bateman*, counsel left the country due to a personal emergency, missing the deadline for filing a response to a motion for summary judgment. 231 F.3d at 1222. Counsel did not find replacement counsel, nor did he contact the Court to explain his absence. *Id.* at 1223. Nearly three weeks later Counsel returned; rather than promptly contact the Court, he waited an additional sixteen days, citing a need to sort through mail and recover from jet lag. *Id.*

Nevertheless, the Court of Appeals determined that this error was excusable as it appeared to be made in good faith. *Id* at 1225.

With the benefit of hindsight, Defendant's counsel knows that he should not have simply assumed he did not need to file a response to the Application. He could have called the Clerk's office or chambers to confirm his belief that he did not need to respond. Nonetheless, like other instances of excusable neglect, counsel's error appears to have been caused by simple error, not bad faith. The Court accepts counsel's admission of error and his proffered rationale for his failure to respond.

Moreover, Defendant demonstrated objective indicia of good faith and timeliness. Defendant promptly satisfied the judgement entered on September 22, 2009, and quickly filed the Motion to Set Aside as soon as the error was discovered. These objective indicia, combined with counsel's explanation in moving papers, convince the Court that this was a careless error, made in good faith, and warranting the relief contemplated in 60(b)(1).

Accordingly,

**IT IS ORDERED** Granting Defendant's Motion to Set Aside (Doc. #36). The Clerk shall vacate the Order entered on January 11, 2010 (Doc. #35).

**IT IS FURTHER ORDERED** that Plaintiffs shall have fifteen days from the date of this Order to file an Amended Motion for Attorneys' Fees that includes a request for the fees incurred in litigating Defendant's Motion to Set Aside. The Amended Motion, Response, and Reply shall meet the requirements of Local Rule of Civil Procedure 54.2(b).

DATED this 6th day of April, 2010.

James A. Teilborg
United States District Judge