**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Allan and Pamela Savage, ) | No. 2:08-cv-01780-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| NIC, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

Pending before the Court is Plaintiffs' Amended Application for Attorneys' Fees and Costs Pursuant to the Entry of Judgment. (Doc. #41). Defendant responded. (Doc. #42). Plaintiffs filed a reply. (Doc. #43). For the reasons that follow, the Court finds that Plaintiffs' attorneys' fees totaling $17,442.30 are reasonable.

**I.    PROCEDURAL HISTORY**

Plaintiffs filed an action seeking damages under 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"). The parties settled out of court and requested this Court to enter judgment of $2,000 plus costs accrued, and an additional award of attorneys' fees to be determined on Plaintiffs' application. (Doc. #30). On September 10, 2009, this Court directed the Clerk of the Court to enter Judgment. (Doc. #31).

On September 17, 2009, Plaintiffs submitted their Application for Attorneys' Fees. (Doc. #32). Five days later, on September 22, 2009, the Clerk of the Court entered an Order of Judgment for $2,000 plus costs accrued. (Doc. #33). Plaintiffs later filed a supplement to their Application for Attorneys' Fees. (Doc. #34). Defendant did not file a response. The Court entered an award of $16,290.50 in attorneys' fees based on the uncontested Application in January of 2010. (Doc. #35). Defendant submitted a Motion to Set Aside

Order on January 13, 2010.  (Doc. #36).  The Court granted Defendant's Motion and set aside its order for attorneys' fees on April 6, 2010.  (Doc. #40).  Plaintiffs filed the pending Amended Motion for Attorneys' Fees on April 21, 2010.  (Doc. #41).

## II. DISCUSSION

In the Motion pending before this Court, Plaintiffs are seeking attorneys' fees and costs in the amount of $17,442.30.  Defendant objects to this amount and requests that Plaintiffs' Amended Motion be denied or at least drastically reduced on several grounds.  First, Defendant claims Plaintiffs should not receive an attorney award or it should be drastically reduced because Plaintiffs were not successful enough to be deemed a prevailing party.  Second, Defendant claims that the amount of time expended and the hourly rate charged by Plaintiffs' counsel are unreasonable.

### A. PREVAILING PARTY

Defendant asserts that Plaintiffs should be denied or at least receive a drastically reduced attorneys' fees award because Plaintiffs prevailed on only two of their seven claims (Response at 1).

15 U.S.C. §1692k provides,

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
> (1) any actual damage sustained by such person as a result of such failure;
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;...and
> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court....

15 U.S.C. § 1692 (1977).  "Given the structure of [section 1692k(a)(3)], attorney's fees should not be construed as a special or discretionary remedy; rather the Act mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general." *Graziano v. Harrison*, 950 F.2d 107, 113 (3d Cir. 1991).  The awarding of costs and attorneys' fees is mandatory "for a debt

collector's violation of 'any provision' of the FDCPA."[1] *Zagorski v. Midwest Billing Servs., Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997); *see also Emanuel v. Am. Credit Exch.*, 870 F.2d 805, 809 (2d Cir. 1989); *Carroll v. Wolpoff & Abramson*, 53 F.3d 626, 628-629 (4th Cir. 1995).

### 1. Mandatory Attorneys' Fees

Defendant seems to contend that Plaintiffs are not entitled to attorneys' fees at all because Plaintiffs only prevailed on two of their seven claims (Response at 1). Presumably, Defendant argues that Plaintiffs' award was *de minimis* or only a technical relief, so an attorneys' fee award would be inappropriate. However, this contention is unsupported by law.

In *Zagorski*, the parties "stipulated to the entry of judgment against defendants in the amount of $100 plus costs."[2] *Zagorski*, 128 F.3d at 1165. The court reversed the district court's holding that the plaintiff was not entitled to an award of reasonable attorney's fees because the judgment was merely a technical relief. *Id.* at 1166. In reversing, the court reiterated that any violation of "any provision" of the FDCPA mandates attorneys' fees. *Id.* Despite the $100 stipulated judgment appearing facially nominal, the Seventh Circuit concluded that, "[t]he plaintiffs have brought a 'successful action' under the FDCPA and thus are entitled to a 'reasonable attorney's fee.'" *Id.*

As in *Zagorski*, Plaintiffs here brought a successful action and are the prevailing party. As such, awarding attorneys' fees is mandatory under the FDCPA. Plaintiffs obtained a $2,000.00 judgment in their favor based on Defendant's violation of the FDCPA. This award is $1,000.00 over the FDCPA's statutory maximum amount. The specific number of claims

---

[1] Defendant concedes that Plaintiffs prevailed on two of the seven claims. Yet, Defendant does not give any authority for why Plaintiffs' Motion for Attorneys' Fees should be denied in its entirety despite the statutory command to award reasonable attorneys' fees in a successful action.

[2] The Seventh Circuit did not specify whether the $100 judgment represented actual or additional damages. As will be noted by this Court's reasoning, that distinction is of no consequence.

on which Plaintiffs prevailed does not control whether the Court awards an attorneys' fee. Any violation of the FDCPA requires awarding an attorneys' fee, regardless of the number of prevailing claims.

Because Plaintiffs have a judgment against Defendant in this case, the Court finds Plaintiffs are the prevailing party. Plaintiffs are therefore entitled to a reasonable attorneys' fee per FDCPA's explicit language.

**2. Reduction of Attorneys' Fees**

Alternatively, Defendant seems to ask the Court to reduce Plaintiffs' application for attorneys' fees because Plaintiffs only prevailed on two of their seven claims.

A district court can reduce an attorneys' fee award on the basis of limited success achieved in litigation. *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2009) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)). To determine if a reduction is warranted, courts apply a two-step approach. *Id.* First, the court asks "whether plaintiff failed to prevail on claims that were unrelated to the claims on which he succeeded." *Id.* Claims are related if they "involve a common core of facts" and were "based on related legal theories." *Id.* (citing *Hensley*, 461 U.S. at 435). However, hours expended on the unrelated, unsuccessful claims are not to be included in calculating attorneys' fees. *Id.* Second, the court determines "whether the prevailing party achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Id.* If plaintiff's counsel obtained excellent results, his attorney should recover a fully compensatory fee, even if plaintiff did not receive all relief requested. *Id.* (citing *Hensley* at n. 11).

The court in *Cabrales* awarded attorneys' fees even for time spent on issues that Plaintiff ultimately did not prevail upon. *Cabrales v. City of Los Angeles*, 935 F.2d 1050 (9th Cir. 1991). The *Cabrales* court utilized the *Hensley* two-step approach to explain that "even if a specific claim fails, the time spent on that claim may be compensable, in full or in part, if it contributes to the success of the other claims." *Id.* at 1052. The court reasoned that it is rare for a litigant not to lose any battles on their way to winning the war. *Id.* at 1053. In fact, losing is an integral part of winning. *Id.* As such, a plaintiff who is unsuccessful in a

stage of litigation that was a necessary step to the ultimate victory is entitled to attorneys' fees even for the unsuccessful stage. *Id.* If the rule were otherwise, attorneys would only take claims they were certain of winning. *Id.*

As the Plaintiffs' Amended Motion details, Plaintiffs' entire complaint was born out of the same set of circumstances and facts. All of the claims in Plaintiffs' complaint were related to one another and advanced with the common goal of holding Defendant accountable for its illegal collection practices. As in *Cabrales,* the time spent on the unsuccessful claims contributed to the success of the prevailing claims. In addition, it does not matter that Plaintiffs prevailed on only two of the seven claims because Plaintiffs accomplished their ultimate objective. Plaintiffs obtained a judgment for the maximum amount of statutory damages available under FDCPA, which qualifies as a successful result.

As such, the Court finds that Plaintiffs are entitled to recover a fully compensatory fee. The Court will not reduce Plaintiffs' attorneys' fees simply because they did not succeed on all their claims.

### B. REASONABLENESS

Defendant's final contention is that even if Plaintiffs are entitled to an award of attorneys' fees and costs, Plaintiffs' Amended Motion should be dismissed because the amounts requested are unreasonable. (Response at 2).

As cited above, 15 U.S.C. § 1692k provides for an award of "the costs of the action, together with a *reasonable* attorney's fee as determined by the court..." (Emphasis added). "The reason for mandatory fees is that Congress chose a 'private attorney general' approach to assume enforcement of the FDCPA." *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995). FDCPA plaintiffs "seek[] to vindicate important\*\*\*rights that cannot be valued solely in monetary terms." *City of Riverside v. Rivera*, 477 U.S. 561, 562 (1986). Congress has determined that the public as a whole has an interest in the vindication of the statutory rights. *Tolentino*, 46 F.3d at 652.

In FDCPA cases, "District courts must calculate awards for attorney's fees using

the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001) (citing *Caudle v. Bristow Optical Co.,* 224 F.3d 1014, 1028 (9th Cir. 2000)); *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996)); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433-437 (1983). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales*, 96 F.3d at 363 (citing *Jordan v. Multnomah City*, 815 F.2d 158, 1262 (9th Cir. 1987)); *see also Ferland*, 244 F.3d at 1149 n.4 (quoting *Morales*). It is the plaintiff's burden to prove that the requested hourly rates are close to the market rate of similar legal services in the community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

There are several factors that a district court should take into account when determining the reasonableness of attorneys' fees.[3] *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975); *Tolentino*, 46 F.3d at 652. "Although in most cases, the lodestar figure is presumptively a reasonable fee award, the district court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it." *Ferland*, 244 F.3d at 1449 n. 4 (citations omitted). However, if a

---

[3]These factors include: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Johnson v. Georgia Hwy. Express*, 488 F.2d 714, 717-720 (5th Cir. 1974).

district court chooses to reduce the lodestar amount, it must do so with "a 'concise but clear' explanation of its reasons." *Ferland*, 244 F.3d at 1149 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992) (quoting *Hensley*, 461 U.S. at 437)). A party advocating the reduction of attorneys' fees bears the burden of establishing that a reduction is justified. *Gates*, 987 F.2d at 1397.

Plaintiffs request attorneys' fees and costs totaling $17,442.30. While this amount may seem high for an award of only $2,000.00, this Court cannot summarily conclude that it is, in fact, unreasonable in this case. *See Ferland*, 244 F.3d at 1151 ("systematic perusal of the actual billing entries will often confirm" the reasonableness of the fee).

Plaintiffs submitted detailed explanations for their requested attorneys' fees. Plaintiffs' Amended Application for Attorneys' Fees and Costs Pursuant to Entry of Judgment, Exhibit C at 7. Plaintiffs' counsel represents that 61.5 hours were spent in obtaining the judgment in Plaintiffs' favor at an average hourly rate of approximately $272. *Id.* Plaintiffs' counsel further asserts a claim for $675.20 in court costs. *Id.* Defendant advocates reduced fees for three reasons: (1) Plaintiffs used form-type pleadings; (2) Plaintiffs' counsel's hourly rate was unreasonable; (3) the number of hours expended by Plaintiffs' counsel was excessive. *See generally* Defendant's Response.

### 1. Form-Type Pleadings

The Court finds that Defendant has not met its burden of establishing that a reduction is justified. Defendant claims that Plaintiffs' counsel's pleadings were "form-type pleadings" similar to those that the same firm files in many other FDCPA cases in this Court. Defendant's Response at 2. The Court disagrees that there should be a reduction in attorneys' costs due to use of standardized form pleadings.[4] Without the use of form pleadings, Plaintiffs' counsel's time spent would have exceeded the hours billed.

---

[4] It appears to the Court that Plaintiffs' counsel concedes to the use of form pleadings. *See* Plaintiffs' Reply Brief in Response to Defendant's Opposition to Plaintiffs' Amended Application for Attorneys' Fees and Costs.

- 7 -

The Court therefore finds that the amount of time spent by Plaintiffs' counsel for the various tasks is reasonable.

### 2. Total Number of Hours

Defendant also claims that the total number of hours spent by Plaintiffs' attorneys was unreasonable. Nothing in the record indicates that Plaintiffs' attorneys pursued unreasonably time-consuming strategies or motions. *See generally* Plaintiffs' Amended Motion for Attorneys' Fees and Costs Pursuant to the Entry of Judgment. Nor is there any reason to doubt that the entries accurately record the amount of time spent on each particular activity. In addition, Defendant does not provide evidence to substantiate this claim. Defendant only indicates that defense counsel spent 26.3 total hours on the case. Defendant's Response at 2. The Court is unpersuaded that the number of hours expended by a single attorney can function as the sine qua non of reasonableness.

### 3. Hourly Billing Rate

Finally, Defendant disputes the hourly billing rate of Plaintiffs' attorneys. "The established standard when determining a reasonable hourly rate is the rates prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). As previously mentioned, affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

This Court finds Plaintiffs' counsel's average hourly billing rate of approximately $272 to be reasonable based on their experience, as outlined in the affidavits, and the knowledge required to prosecute specialized debt collection cases. Plaintiffs provided recitations of each attorney's experience in FDCPA cases, affidavits from practitioners in this area of law who attest to the reasonableness of these rates, the Laffey Matrix, and a consumer law attorney fee survey. *See* Plaintiffs' Amended Motion for Attorneys' Fees

and Costs Pursuant to Entry of Judgment. Defendant's only evidence to contradict Plaintiffs' assertion is a reference to his own counsel's billing rate of $160 per hour. Defendant's Response at 2.  Defendant has not met its burden of establishing that a reduction in attorneys' fees based on hourly billing rates is warranted.  Instead, given their training, experience, and skill levels, the Court believes that the hourly rates charged by Plaintiffs' attorneys are reasonable and are consistent with the prevailing market rates for lawyers of their skill levels.

Although the amount of fees may appear out of line with the monetary stakes of this case, the value of deterrence and consumer protection--rights that cannot be valued solely in monetary terms--justify an award of attorneys' fees that far exceeds the amount of monetary damages awarded.  *See Tolentino*, 46 F.3d at 652 (quoting *City of Riverside*, 477 U.S. at 562).  To further Congressional "desire to enforce the FDCPA through private actions," *Tolentino*, 46 F.3d at 653, this Court finds Plaintiff's request for $17,442.30 (61.5 hours at a rate of approximately $272 per hour and $675.20 for court costs) to be reasonable.

## III.   CONCLUSION

Plaintiffs are the prevailing party in this FDCPA action; mandating an award of attorneys' fees in their favor.  Plaintiffs' counsel's claim for $17,442.30 in attorneys' fees and costs is reasonable.  Accordingly,

IT IS ORDERED that Plaintiffs' Amended Motion for Award of Attorneys' Fees (Doc. #41) is granted. The Clerk of the Court shall enter judgment in the amount of $17,442.30 in favor of Plaintiffs and against Defendant.

DATED this 8th day of June, 2010.

James A. Teilborg
United States District Judge